UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
EDUARD SCHERZER, CYNTHIA FLEISCH,
SARGE ILLEL, and KARINA FOMICHEVA,
Individually and on behalf of all
Others similarly situated,

       Plaintiffs,  MEMORANDUM & ORDER
              13-CV-5890(JS)(ARL)
  -against-

LVEB, LLC d/b/a PIERRE'S OF
BRIDGEHAMPTON and PIERRE WEBBER,
jointly and severally,

       Defendants.
----------------------------------------X
APPEARANCES
For Plaintiffs:  Brent E. Pelton, Esq.
       Taylor b. Graham, Esq.
       Pelton & Associates, PC
       111 Broadway, Suite 1503
       New York, NY 10006

For Defendants:  Joshua Zuckerberg, Esq.
       Pryor Cashman Sherman & Flynn LLP
       410 Park Avenue
       New York, NY 10022

SEYBERT, District Judge:

    The parties have submitted a Settlement Agreement requiring judicial approval in this Fair Labor Standards Act ("FLSA") action (the "Proposed Agreement"). (See Docket Entry 43.) Although the parties have filed the Proposed Agreement on the public docket, it contains a confidentiality provision. Additionally, the Proposed Agreement contains a broad release of claims that is not limited to matters addressed in this action.

The Proposed Agreement also fails to denote the specific portion of the settlement amount that is attributable to attorney's fees.

While the Court acknowledges that "parties are generally free to keep their settlement agreements private . . . . 'FLSA cases are different.'" Martinez v. Ragtime Foods of N.Y., Inc., No. 11-CV-1483, 2011 WL 5508972, at *1 (E.D.N.Y. Nov. 10, 2011) (quoting Hens v. Clientlogic Operating Corp., No. 05-CV-0381, 2010 WL 4340919, at *2 (W.D.N.Y. Nov. 2, 2010)). In FLSA cases, a Plaintiff "may not waive or otherwise settle [his] FLSA claim[s] for unpaid wages for less than the full statutory damages unless the settlement is supervised by the Secretary of Labor or made pursuant to a judicially supervised settlement." Wolinksy v. Scholastic Inc., 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012). See also Cheeks v. Freeport Pancake House, Inc., 796 F.3d 199, 206 (2d Cir. 2015) (holding that stipulated dismissals settling FLSA claims pursuant to Rule 41(a)(1)(A)(iii) must be approved by the District Court or Department of Labor).

"Because judicial approval is required for settlement under the FLSA, settlement agreements in FLSA cases are judicial documents to which a presumption of public access applies." Martinez, 2011 WL 5508972, at *1. Accord Mosquera v. Masada Auto Sales, Ltd., No. 09-CV-4935, 2011 WL 282327, at *1 (E.D.N.Y. Jan. 25, 2011) (collecting opinions of District Courts in this Circuit barring confidentiality provisions in stipulated

2

settlement agreements in FLSA actions and/or requiring the terms of the settlement be placed on the public docket). To overcome the presumption, "the parties must make a substantial showing of need for the terms of their settlement to contain a confidentiality provision." Mosquera, 2011 WL 282327, at *2. The fact that "confidentiality is a material condition of the settlement agreement without which settlement will not be feasible" will not overcome the presumption. Hens, 2010 WL 4340919, at *3; see also Joo v. Kitchen Table, Inc., 763 F. Supp. 2d 643, 648 (S.D.N.Y. 2011).

Indeed, "[w]hen the amounts recovered by the plaintiffs, and the amount paid in attorney's fees, are redacted, the public is in no position to evaluate the Court's conclusion as to fairness nor can the public assess whether the rights sought to be protected by the FLSA are furthered by the settlement." Bouzzi v. F & J Pine Restaurant, No. 10-CV-0457, 2011 WL 7004196, at *2 (E.D.N.Y. Sept. 23, 2011). Accord Files v. Federated Payment Sys. USA, Inc., No. 11-CV-3437, 2013 WL 1874602 (E.D.N.Y. Apr. 2, 2013). See also Wolinsky, 900 F. Supp. 2d at 336 ("Where a proposed settlement of FLSA claims includes the payment of attorney's fees, the court must also assess the reasonableness of the fee award.") (citing 29 U.S.C. § 216(b)).

Additionally, District Courts in this Circuit have declined to approve FLSA agreements containing releases that "are

3

far too sweeping to be fair and reasonable." Alvarez v. Michael Anthony George Const. Corp., No. 11-CV-1012, 2015 WL 3646663, at *2 (E.D.N.Y. Jun. 10, 2015) (holding that the settlement agreement's release was too "sweeping" where it "purport[ed] to waive any possible claim against the defendants" and was not limited to wage and hour claims or issues related to the FLSA action.). See also Camacho v. ESS-A-Bagel, Inc., No. 14-CV-2592, 2014 WL 6985633, at *4 (S.D.N.Y. Dec. 11, 2014) (rejecting a broad release in a FLSA settlement agreement where it "purport[ed] to waive practically any possible claim against the defendants, including unknown claims and claims that have no relationship whatsoever to wage and hour issues."). Indeed, wide-ranging releases are particularly problematic in FLSA cases because "'[i]n effect, the employer requests a pervasive release in order to transfer to the employee the risk of extinguishing an unknown claim . . . [but] an employer is not entitled to use an FLSA claim . . . to leverage a release from liability unconnected to the FLSA.'" Camacho, 2014 WL 6985633, at *4 (quoting Moreno v. Regions Bank, 729 F. Supp. 2d 1346, 1451 (M.D. Fla. 2010)).

Accordingly, the parties may proceed in one of three ways:

> (1) The parties may file on the public docket a revised Agreement that (a) does not include a confidentiality provision; (b) does not include a "sweeping" general release; and (c) states the specific sum

4

of the settlement amount that constitutes attorney's fees;

(2) The parties may submit for <u>in camera</u> inspection a letter signed by both parties explaining why the Court should approve the Proposed Agreement, either in its present form or with a modified confidentiality provision, release, or attorney's fees provision; or

(3) The parties may file a letter indicating their intention to abandon their settlement and continue to litigate this action.

The parties must take one of the above-mentioned actions within thirty (30) days of the date of this Order.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: November  16 , 2015
       Central Islip, New York